402 F.Supp. 736 (1975)
Rafael ACOSTA et al., Plaintiffs,
v.
Ray GRAMMER et al., Defendants.
No. 75-672C(3).
United States District Court, E. D. Missouri, E. D.
October 20, 1975.
*737 Richard E. Schwartz, Nangle & Schwartz, St. Louis, Mo., for plaintiffs.
Richard D. Jones, Oliver, Oliver & Jones, Cape Girardeau, Mo., local counsel for Walker & Williams, Professional Corp., Belleville, Ill., for defendants Ray and Claudean Grammer.
John S. Steiner, St. Louis, Mo., local counsel for Chas. S. Gibson, Dermott, Ark., for defendants Allen L. and Amy Nell Ferrell.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon the motion of the defendants to dismiss for lack of proper venue, or in the alternative to transfer this action to the Southeastern Division of this District.
The present lawsuit has as its jurisdictional base 28 U.S.C. § 1332 for civil suits in which there is diversity of citizenship. Venue in a diversity situation is governed by the provisions of 28 U.S. C. § 1391(a). The venue statute states in pertinent part:
A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.
The plaintiffs in this action are all aliens, and Mexican Nationals. Under the prevailing rule of law, the plaintiffs have no residence for the purposes of diversity venue. Galveston, Harrisburg and San Antonio Railway Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248 (1894).
Citing Galveston, supra, and 1 Moore's Federal Practice, p. 1439, ¶ 0.142(6), the defendants urge upon the Court the premise that the plaintiffs have venue against the defendants only in the district in which the defendants reside, here, the Southern District of Illinois. The Court notes that the decisions cited by the defendants all deal with § 1391(a) prior to the 1966 amendment to that statute which added the provision that venue in a diversity case might also lie in the district "in which the claim arose". Research has failed to disclose any post 1966 decisions dealing with alien plaintiffs' venue in diversity actions. However, oblique support for the expansion of venue in diversity cases to the place where the cause of action arose may be found in the legislative history of the amendment. 1966 U.S.Code, Cong. and Admin.News 3693-3695. Direct support for the abandonment of the pre-1966 venue restrictions for alien plaintiffs may be found in a leading commentary on Federal Practice. Wright, Law of Federal Courts, 2d Ed., § 42.[*]
An examination of the statutory language of § 1391(a) clearly indicates that the present lawsuit is possessed of proper venue. Accordingly, defendants' motion to dismiss will be denied.
Defendants have in the alternative moved for a transfer of this action to the Southeastern Division of this District. After consideration of the memoranda filed by all parties, it is obvious that in terms of transportation of witnesses, and for the convenience of all parties, that St. Louis is the proper forum for this litigation. In consequence,
It is hereby ordered that defendants' motion to dismiss due to a lack of proper venue be and is denied; and
It is further ordered that defendants' alternative motion for a transfer to the Southeastern Division of this District be and is denied.
NOTES
[*] It is interesting to note that Professor Wright cites as his authority for expanding an alien's venue choices the pre-1966 line of decisions, particularly Galveston, supra, and a commentary which explictly states that an alien's venue is limited to the district of defendants' residence. Wright, id. p. 153, n. 30, citing 1 Barron & Holtzoff (Wright Ed.), § 79.