**Mohammed FLEIFEL, Plaintiff,**

v.

**Dorothy C. VESSA, Defendant.**

**Civ. A. No. 80–0240–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Nov. 20, 1980.

James P. Jones, Penn, Stuart, Eskridge & Jones, Bristol, Va., Daniel G. Grove, Fairfax, Va., for plaintiff.

Larry B. Kirksey, Woodward, Miles & Flannagan, Bristol, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, Mohammed Fleifel, a citizen of Lebanon, seeks $40,747.14 damages from the defendant, Dorothy C. Vessa, a resident of Pennsylvania, for injuries allegedly resulting from an automobile collision in Wythe County, Virginia on 8 September 1980. Jurisdiction is properly invoked under 28 U.S.C. § 1332(a)(2), diversity. This action is presently before the court on the defendant's motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, on the grounds of improper venue.

Where, as here, diversity of citizenship is the sole jurisdictional base of a civil suit, venue is governed by the provisions of 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

The phrase "in which the claim arose" was added to the provision in 1966. Prior to that amendment, civil actions where jurisdiction was based solely upon diversity could be brought only in the judicial district where the plaintiff(s) or the defendant(s) resided.

The plaintiff in this action is an alien; an alien has no residence in the United States for venue purposes. *Brunette Machine Works, Ltd. v. Kochum Industries, Inc.*, 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972). The defendant, citing *Galveston, Harrisburg & San Antonio RR Co. v. Gonzales*, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 48 (1894); *DuRoure v. Alvord*, 120 F.Supp. 166 (D.C.N.Y.1954); and 1 Moore's Federal Practice ¶ 0.142(B), claims that this action may be brought only in the district of the defendant's residence. The defendant argues that the 1966 amendment to 28 U.S.C. § 1391(a), adding the clause "or in which the claim arose", was not intended to abrogate the long–standing rule that an alien plaintiff may bring an action only in the district where the defendant resides, but was added to provide access to federal court to multiple plaintiffs residing in different states in actions against multiple defendants residing in different states.

The language of 28 U.S.C. § 1391(a) does not limit venue in the district "in which the claim arose" to non–alien plaintiffs, nor does the legislative history of the 1966 amendment indicate that it was the intent of Congress to so limit venue. *See* S.Rep.No. 1752, 89th Cong.2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin.News, p. 3693. The decisions cited by the defendant in support of the contention that an alien plaintiff's action must be brought in the district of the defendant's residence dealt with 28 U.S.C. § 1391(a) prior to the 1966 amendment to that statute. This court holds that 28 U.S.C. § 1391(a), as amended, provides the alien plaintiff in this diversity suit with the choice of venue in the district in which the defendant resides or in which the claim arose. *Accord, Acosta v. Grammer*, 402 F.Supp. 736 (E.D.Mo.1975); *see also* Wright, Law of Federal Courts § 42 (2d Ed. 1970).

The automobile collision which is the subject of this suit having taken place in

Wythe County, Virginia, this action is properly brought in the United States District Court for the Western District of Virginia. Accordingly, the defendant's motion to dismiss on the grounds of improper venue is denied.