**NEW IMAGE, INC.**

v.

**The TRAVELERS INDEMNITY CO.**

**Civ. A. No. 81–2423.**

United States District Court,
E. D. Pennsylvania.

Nov. 30, 1981.

Kenneth S. Siegel, Philadelphia, Pa., for plaintiff.

David R. Strawbridge, Cozen, Begier & O'Connor, Philadelphia, Pa., for defendant.

## MEMORANDUM

### LOUIS H. POLLAK, District Judge.

Plaintiff initially brought this suit in the Court of Common Pleas, Philadelphia County, seeking to recover, upon an insurance policy issued by defendant, losses of property and earnings which resulted from a fire at plaintiff's place of business. Defendant removed the case to this court on June 16, 1981, and on July 8, 1981 defendant filed its answer with affirmative defenses, averring, *inter alia*, fraud in plaintiff's representations to defendant concerning the circumstances and causes of the fire. Subsequently, on October 9, 1981, defendant moved, under 28 U.S.C. § 1404(a), for a change of venue requesting that the case be transferred to the district court for the District of Delaware.

The moving party under § 1404(a) bears the burden of demonstrating that the current forum, on balance, is inconvenient.[1] *Atlantic Richfield Co. v. Stearns-Roger, Inc.*, 379 F.Supp. 869, 871 (E.D.Pa.1974). In support of its motion, defendant points out that the site of the fire (plaintiff's place of business) and the residences of plaintiff's principals are in Newark, Delaware. Defendant also notes that the claims office which investigated the New Image fire on defendant's behalf is in Wilmington, and argues that the convenience of defendant's claims official and other potential defense witnesses would be served by the transfer. Among these other potential witnesses are the officers of Newark's Volunteer Fire Department, investigators from the Delaware State Fire Marshal's Office, and residents of Newark who observed the New Images premises on the day of the fire.

Plaintiff, in contesting defendant's motion to transfer, has failed to muster a persuasive countervailing showing of inconvenience to its witnesses should the venue be changed. Rather, plaintiff relies chiefly on two other considerations which, it claims, militate against transfer. First, plaintiff maintains that denial of transfer would serve "the interests of justice" inasmuch as defendant's motion is part of a more general pattern of dilatory tactics on defendant's part. I find nothing in the facts set forth in plaintiff's papers and affidavit to persuade me that defendant's motion is a dilatory one or that any of defendant's actions in connection with this suit have been prompted by improper motives.

Second, plaintiff invokes the well-settled rule that a plaintiff's choice of forum should be accorded substantial weight by a court balancing the interests for and against a change of venue. But the force of the rule is substantially attenuated where the chosen forum is not the plaintiff's place of residence. *See Haeberle v. Texas International Airlines*, 497 F.Supp. 1294 (E.D.Pa.1980). And to give the plaintiff's prerogative paramount consideration would seem least warranted in a case like this one, where the moving party seeks to have the case transferred to a judicial district embracing both plaintiff's sole place of business and the residences of plaintiff's principals.

The inconveniences of the present forum to defendant and its witnesses do not strike me as onerous; but I am persuaded that they clearly outweigh any inconvenience which might be suffered by plaintiff and plaintiff's witnesses as a result of the requested change of venue.[2]

Accordingly, in an accompanying order, this action is transferred to the District of Delaware.

1. 28 U.S.C. § 1404(a) provides that:

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

   It is undisputed, and I find, that the District of Delaware is a district where this action "might have been brought."

2. Plaintiff's papers identify as potential witnesses only the Philadelphia-based and New Jersey-based suppliers whom plaintiff might call to testify regarding its financial soundness

and dependability prior to the fire. Plaintiff's Answer to Defendant's Motion for Change of Venue, ¶ 16; Affidavit of Gerald M. Cavall In

Response to Defendant's Motion to Transfer, ¶ 10.