PENNWALT CORPORATION

v.

The HORTON COMPANY, Lowell
Horton and Joe G. Hosner.

Civ. A. No. 83–5674.

United States District Court,
E.D. Pennsylvania.

Jan. 30, 1984.

Aaron C.F. Finkbiner, III, Donna Bailey McCarthy, Philadelphia, Pa., for plaintiff.

John T. Synnestvedt, Philadelphia, Pa., for defendant.

## MEMORANDUM

BECHTLE, District Judge.

Presently before the court is defendants' motion to dismiss due to improper venue or, in the alternative, to transfer the case to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a) or 1406(a). Also before the court is defendants' request for judicial notice of a judicial proceeding in that Illinois district and plaintiff's request, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for costs and attorneys' fees incurred in responding to defendants' present motions. For the reasons stated herein, all the motions and requests will be denied.

## I. FACTS

This case arises out of a controversy over a United States patent entitled "Polymer Concrete Comprising Furfuryl Alcohol Resin." On or about May 24, 1983, defendant Horton Company filed a complaint in this district alleging plaintiff had infringed the claims of the patent. The complaint was never served on plaintiff. On November 22, 1983, plaintiff filed the present suit seeking a declaratory judgment that: (1) the patent was invalid; and (2) plaintiff has not infringed and is not infringing any of the claims of the patent. Plaintiff also seeks compensatory and punitive damages, as well as injunctive relief, on the state law claims of unfair competition and intentional interference with business relationships. These two state law claims arise out of alleged communications by defendants to plaintiff's customers which included false statements to the effect that plaintiff was infringing the patent.

Defendants now move to dismiss or transfer this action on the ground that, pursuant to 28 U.S.C. § 1400(b), the proper venue is the place where defendants reside or where defendants have committed acts

of infringement and have a regular and established place of business. *See* 28 U.S.C. § 1400(b) (1976).

## II. DISCUSSION

### (A) *Venue*

■■■ In this case plaintiff seeks a declaratory judgment that defendants' patent is invalid and that plaintiff has not infringed the claims of the patent. Plaintiff also seeks relief under the state law claims of unfair competition and intentional interference with business relationships. The proper venue for such a case is determined not by the specific venue statute for patent infringement actions, 28 U.S.C. § 1400(b), but by the general venue provision of 28 U.S.C. § 1391(b) which provides that:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

*See General Tire & Rubber Co. v. Watkins,* 326 F.2d 926 (4th Cir.1964), *cert. denied,* 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964); *Dicar Inc. v. L.E. Saver Machine Co., Inc.,* 530 F.Supp. 1083, 1088 (D.N.J.1982); *Japan Gas Lighter Assoc. v. Ronson Corp.,* 257 F.Supp. 219, 226 (D.N.J.1966) (citations omitted). Since all defendants are residents of Florida, venue is proper in this district only if this district is "where the claim(s) arose."

■■■ A declaratory judgment action seeking (1) to invalidate a patent; and (2) a declaration of non-infringement, arises where the alleged infringer is located, receives the damaging charges of infringement, or suffers economic injury as a result of the charges. *Eastman Kodak Co. v. Studiengesellschaft Kohle,* 392 F.Supp. 1152 (D.Del.1975) (citations omitted). In this case plaintiff, the alleged infringer, is incorporated and has its principal place of business in this district. Additionally, plaintiff has received the charges of infringement in this district through the filing of a complaint in this district in which it was alleged that plaintiff had infringed the claims of the patent. Therefore, plaintiff's claim for declaratory relief arose in this district.

■■■ Plaintiff's claims for unfair competition and intentional interference with business relationships also arose in this district. In deciding "where a claim arose," the courts should choose the place "where the contacts weigh most heavily." *See Sharp Electronics Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1229 (D.C.Cir.1981); *Catrambone v. Bloom,* 540 F.Supp. 74 (E.D.Pa.1982). This district is the place where plaintiff is located and where plaintiff received the damaging charges of infringement. More important, however, is the fact that plaintiff has allegedly suffered economic injury in this district, due to the charges of infringement, in the form of lost customers and damage to reputation. In deciding that the claims of unfair competition and intentional interference with business relationships arose in this district, this court's decision would be in keeping with the general proposition that a tort claim arises in the jurisdiction where injury occurs. *See Levine v. Braxton,* No. 83-3901 (E.D.Pa. December 30, 1983) (citing *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 291 F.Supp. 252, 260 (E.D.Pa.1968).

■■■ Accordingly, venue is proper in this district for plaintiff's claims of unfair competition and intentional interference with business relationships, as well as for the claim for a declaratory judgment.

### (B) *Transfer*

Having determined that venue is proper in this district, the court must now determine whether the action should be transferred to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a) or § 1406(a) for the purpose of consolidation.[1]

28 U.S.C. § 1404(a) provides:

---

1. Defendants seek to transfer this case to the

Northern District of Illinois, Eastern Division,

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■■■ Under this section, in order for this court to transfer this action to another district, the action must be one which "could have rightly started in the transferee district." *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). In this case, where the proper venue is to be decided by reference to 28 U.S.C. § 1391(b), venue would be proper in the Northern District of Illinois only if all defendants reside there or if the claims arose there. Since all defendants reside in Florida, venue would be proper in the Northern District of Illinois only if the claims arose in that district. For the reasons previously stated the claims in this case arose in this district. Additionally, the Northern District of Illinois has no contacts with the activities which gave rise to the claims involved in this lawsuit. Therefore, since plaintiff could not have rightly started this action in the Northern District of Illinois, a transfer of venue pursuant to 28 U.S.C. § 1404(a) would be beyond the powers of this court.[2]

Defendants' request to transfer this action pursuant to 28 U.S.C. § 1406(a) must also be denied. 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

■■■ Since this court has determined that this district, in which the case was filed, has proper venue, this section is not applicable. Therefore, the request to transfer this case pursuant to 28 U.S.C. § 1406(a) will be denied.

### (C) *Judicial Notice*

■■■ Defendant has requested the court take judicial notice of a civil action in the Northern District of Illinois, Eastern Division, captioned *Horton Company v. Quaker Oats Company*, No. 83–C7294 (N.D.Ill. filed Oct. 18, 1983). Since the court has denied the request for a transfer to that district for purposes of consolidating the present case with the *Horton* case and there being no other reason for taking judicial notice of that proceeding, the request for judicial notice will be denied.

### (D) *Costs and Attorney Fees*

■■■ Plaintiffs' request for costs and attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure will be denied since such an award is not warranted under the circumstances.

## III. CONCLUSION

Since the court has determined venue is proper in this district for all claims, defendants' requests for dismissal, transfer of venue and judicial notice will be denied. Plaintiff's motion for attorneys' fees and costs will also be denied.

An appropriate Order will be entered.

---

for the purpose of consolidating this case with a case presently in that district. That case, which is captioned *Horton Company v. Quaker Oats Company,* No. 83–C7294 (N.D.Ill. filed Oct. 18, 1983), involves allegations by Horton Company that Quaker Oats Company has infringed the claims of the patent which is the subject of the present suit.

**2.** Because the court has determined that the present action could not have been brought in the Northern District of Illinois, it is unnecessary to determine whether a transfer would be for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a) (1976).