**J.L. CLARK MANUFACTURING CO.**

**· v.**

**GOLD BOND CORPORATION.**

Civ. A. No. 85-2847.

United States District Court,
E.D. Pennsylvania.

Oct. 16, 1985.

Denis V. Brenan, Glen R. Stuart, Philadelphia, Pa., for plaintiff.

Kenneth F. Carolus, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Defendant Gold Bond Corporation has moved to dismiss the complaint or to transfer this breach of contract action for improper venue, claiming that it is not a resident of this district and that the claim did not arise here. Since federal jurisdiction is based solely upon diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a), which allows a case to be brought only in the judicial district where all plaintiffs or all defendants reside or in which the claim arose. Because Gold Bond is a corporation, its residence must be determined in accordance with 28 U.S.C. § 1391(c).[1] It is apparent from the allegations of the complaint that defendant is neither incorporated nor licensed to do business in Pennsylvania. For venue to be properly laid in this district the Court must determine either that Gold Bond is doing business here within the meaning of § 1391(c), and so is a Pennsylvania resident, or that the claim arose here. Plaintiff contends that venue is properly laid for both reasons.[2]

In this district, the prevailing analysis with respect to venue questions proceeds from the premise that although venue, like *in personam* jurisdiction, involves an examination of contacts with the forum state, a greater quantum of contacts is needed to establish venue than to satisfy due process requirements for service of process.[3] *See, e.g., Damon Coats v. Munsingwear, Inc.,* 431 F.Supp. 1303 (E.D.Pa. 1977); *Trinity Metals v. Andy Intern, Inc.,* 424 F.Supp. 966 (E.D.Pa.1977); *North Eastern Timber v. Pines Trailer Corp.,* 501 F.Supp. 321 (E.D.Pa.1980) and *Wright v. Columbia University,* 520 F.Supp. 789

---

1. A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

2. Plaintiff is also a corporation not incorporated in Pennsylvania and not maintaining its principal place of business here, although it does have a plant in Lancaster, Pennsylvania. Plaintiff has not claimed residence in this district as a basis for venue here.

3. The principle that a greater quantum of contacts is required for venue than for personal jurisdiction was developed in the context of determining a corporate defendant's residence for venue purposes. No specific reference to that principle was made in those cases in which the venue question turned on where the claim arose, but there does not appear to be any reason why the analysis should not apply in that context as well.

(E.D.Pa.1981), on the issue of the sufficiency of a corporate defendant's contacts for residence purposes. *Also, see Catrambone v. Bloom,* 540 F.Supp. 74 (E.D.Pa.1982) and *Pennwalt Corp. v. Horton Co.,* 582 F.Supp. 438 (E.D.Pa.1984) on the need to determine "where the contacts weigh most heavily" in considering where the claim arose.

Both plaintiff and defendant in this case appear to have assumed that the question of sufficient contacts in the venue context is conceptually the same whether the issue is defendant's residence or where the claim arose. We do not believe that the contacts analysis can be merged for the two distinct venue questions presented for decision in this case. The process of weighing contacts should be done somewhat differently for each issue. When the question is whether the defendant is a resident of the judicial district in which the action was brought, the focus should be only upon that party's contacts with the forum. On the other hand, when the question is whether the claim arose here, all circumstances surrounding the transaction in issue, including plaintiff's contacts, would seem to be relevant and should be considered. With this conceptual framework in place, we now proceed to determine whether the defendant resides here for venue purposes and/or whether the claim arose here.

■ While the quantum of contacts necessary to establish a corporate defendant's residence under the "doing business" provision of § 1391(c) is a question of federal law, a particularly significant factor to be considered in examining the defendant's forum contacts is whether its activities are such that under state law it ought to be licensed. *Damon Coats v. Munsingwear, Inc., Trinity Metals v. Andy Intern, Inc.,* and *North Eastern Timber v. Trailer Corp., supra.* One of several exceptions to Pennsylvania's requirement that foreign corporations doing business in the Commonwealth acquire a certificate of authority is "transacting business in interstate commerce". 15 Pa.Stat.Ann. § 2001(B)(9).

Since Gold Bond's activities in Pennsylvania appear to be limited to accepting delivery of J.L. Clark's product at Clark's Lancaster plant, remitting payment there and such mail, telephone, and other contacts necessarily incident to its purchases of plaintiff's product, it appears that Gold Bond falls within the interstate commerce exception and would not require a license to do business here. The cases cited above, involving similar circumstances, amply support that conclusion.

■ If the business activities of a defendant corporation are too minimal to require licensing, it must have some additional contacts with the forum if it is to be considered a resident there for venue purposes. Plaintiff urges that such contacts are supplied here by the sale of defendant's products in Pennsylvania stores. Although this may be significant in some contexts, it is not sufficient to establish doing business and hence residence for venue purposes under the circumstances present here. Gold Bond contends that it sells its product through a third-party with no knowledge of where it is later offered for consumer sale. If true, such sales fall short of the sort of purposeful activities needed for "doing business" pursuant to § 1391(c).

Moreover, the case cited by plaintiff for the proposition that venue may be based upon the sale of a defendant corporation's products in the forum, *Tefal, S.A. v. Products Intern. Co.,* 529 F.2d 495 (3d Cir. 1976), is not applicable to the residence question. The venue issue in that case was where the claim arose, not defendant's residence. Thus, if venue is to be sustained on the basis of defendant's residence in the Eastern District a closer inquiry into the nature of its presence here must be undertaken. The present record does not establish that it is a resident of this district.

■ Turning to the question of where the claim arose, we note first that plaintiff seeks to use the sale of Gold Bond's products in Pennsylvania to buttress its argument on that issue as well. Although, as noted, the issue in *Tefal* was where the claim arose and venue was sustained be-

cause the sale of defendant's products in the forum was held to be a sufficient contact, the reasoning there does not apply in this case. *Tefal* was an action for trademark infringement. The nature of the claim in such a case is quite different from that in a contract case. In an infringement action the plaintiff's injury arises from and is aggravated by the sale of defendant's products, thereby rendering all such sales relevant contacts. Here, on the other hand, the presence of Gold Bond's products in this district is in no way related to the breach of contract alleged.

 In contract actions the simplest and most logical answer to the question of where the claim arose is place of performance. *See, Moore's* Federal Practice, § 0.1425.2 at 1435 (2d Ed.1985). This is a particularly practical course to follow where the claim is for breach of contract in that breach often occurs at place of performance.

Plaintiff in this case contends that performance on its part and defendant's breach both occurred in this district in that Gold Bond received the goods at Clark's Lancaster plant and was to remit payment there. Defendant claims that performance on its part, payment, was due in plaintiff's New York office. Gold Bond also claims that its receipt of the goods in Lancaster was plaintiff's choice, and so venue should not be based on that contact. Insofar as the latter argument is applied to the issue of Gold Bond's residence in this district, it is persuasive, but it loses its cogency when applied to the issue of where the claim arose. It is logical that the decision as to a corporate defendant's residence in a particular district should not be based solely upon its activities incident to the transaction in issue, particularly where it appears that those activities would not subject it to the forum's licensing requirements. However, those activities are viewed differently and assume more importance when the issue is where the claim arose. In that context, plaintiff's contacts with the forum are also weighed, along with the terms of the contract itself.

Place of delivery is ordinarily a contract term subject to negotiation between the parties. Nothing in the record suggests that there is such disparity of position between the two corporate parties to this action that Gold Bond was prevented from participating in the choice of Lancaster as plaintiff's place of performance. Moreover, if defendant normally paid for plaintiff's goods at the Lancaster plant and was to do so for the contract involved in this case, defendant's performance was due in Lancaster as well. As noted, however, defendant disputes plaintiff's factual allegations on that point.

In summary, it appears from the present record that although Gold Bond is not a resident of this district for venue purposes, the claim did arise here. Still, the question of sufficiency of contacts even on that issue is close enough to warrant discovery. If discovery is to be undertaken, however, it should include further inquiry into the issue of defendant's residence as well. Accordingly, the Court will order discovery limited to providing such information as will clarify the record upon which we are to make our determination as to the propriety of venue in this district.