**FAIRFAX DENTAL (IRELAND) LTD., Plaintiff,**

v.

**S.J. FILHOL LTD., Filhol Dental Manufacturing Co., Ltd., Stuart Julian Filhol, Catherine M. Filhol, Filpin, Inc., and Coras Trachtala, Defendants.**

No. 83 CV 5438.

United States District Court, E.D. New York.

Sept. 19, 1986.

---

Kirlin Campbell & Keating, New York City (Harry A. Gotiner, James N. Dresser, of counsel), for plaintiff.

Windels, Marx, Daires & Ives, New York City (Christopher T. Rogucci, of counsel), for defendants.

McLAUGHLIN, District Judge.

Plaintiff seeks injunctive relief and an accounting for alleged infringement of its United States Patent—No. 4,189,834, relating to dental retention pins—by defendants S.J. Filhol Ltd., Filhol Dental Manufacturing Company Ltd., Stuart Julian Filhol, Catherine M. Filhol (together, "the Filhol Defendants"), and Filpin, Inc. The complaint also charges that defendant Coras Trachtala ("CTT") induced that infringement. Plaintiff has moved to transfer the action to the United States District Court for the Southern District of New York. 28 U.S.C. § 1404(a). Defendants Filhol and Filpin support the motion. Defendant CTT opposes it. For the reasons stated below, the motion is granted.

## Facts

On December 15, 1983 plaintiff filed this action against Filpin and the Filhol defendants. The latter are aliens residing in Ireland. Defendant Filpin did not object to venue in this court, but it stated in its papers in support of transfer that it maintains its regular place of business in the Southern District of New York.

On April 4, 1984 plaintiff amended the complaint to allege that CTT induced the patent infringement. CTT is a statutory Board of the Republic of Ireland and was created to promote and develop Irish exports. It maintains offices in the Southern District of New York but did not challenge venue in this District.

The original action also named as defendants, Darby Dental Supply Co., Inc. and Henry Schein, Inc., two corporations in the Eastern District. These defendants have since agreed to consent orders of judgment and are no longer involved in the action.

On June 24, 1985 plaintiff commenced a second action in the Southern District of New York seeking relief against the IPCO Corporation for infringement of the same patent. Defendant IPCO is a New York corporation with offices in the Southern District.

The present action was stayed for ten months while the patent in question was subjected to, and eventually sustained after re-examination proceedings in the United States Patent and Trademark Office.

## Discussion

The motion under 28 U.S.C. § 1404(a) to transfer this case to the Southern District of New York has been made by the plaintiff. While this is somewhat unusual, the fact that the plaintiff had the original choice of forum does not preclude him from seeking transfer. *Pierce v. Atlas Powder Co.,* 430 F.Supp. 79, 81 n. 3 (D.Del.1977); *see Lake City Stevedores, Inc. v. S.S. Lumber Queen,* 343 F.Supp. 933, 935 (S.D. Tex.1972) ("Clearly the plain language of

1404 does not restrict its use to defendants.").

Section 1404(a) provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The phrase "where it might have been brought" has been interpreted to mean any district in which venue and jurisdiction would have been proper at the time the suit was commenced. *See Phillips Petroleum Co. v. Federal Energy Admin.,* 435 F.Supp. 1234, 1236 (D.Del.1977); *Harry Rich Corp. v. Curtiss-Wright Corp.,* 308 F.Supp. 1114, 1116 (S.D.N.Y.1969). Because plaintiffs have moved for transfer to a district within the same state, there is no problem with jurisdiction. The inquiry is confined to determining whether venue in the Southern District is proper, and if so, whether transfer would serve the interests of convenience and justice.

 Venue in patent infringement suits is governed almost exclusively by 28 U.S.C. § 1400(b), which provides that venue in patent cases is proper where the defendant resides or where he has committed acts of infringement and has a regular and established place of business. *Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc.,* 531 F.2d 1382, 1385 (7th Cir.1976). Neither 28 U.S.C. § 1392(a) (where defendants reside in different districts within the same state, venue is proper within any of those districts) nor 28 U.S.C. § 1391(c) (general venue provision for corporations) may be used to expend infringement venue.[1] *See Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957) (construing § 1391(c)); *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 566, 62 S.Ct. 780, 782, 86 L.Ed. 1026 (1941) (construing predecessor of § 1392(a)). However, 28 U.S.C. § 1391(d), which provides that an alien may

be sued in any district, *does* apply in patent suits. *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.* 406 U.S. 706, 714, 92 S.Ct. 1936, 1941, 32 L.Ed.2d 428 (1972); *Dual Mfg. & Eng'g, Inc. v. Burris Industries, supra,* 531 F.2d at 1385.

Defendant Filpin resides in the Southern District of New York (Filpin Memorandum in Support of Motion to Transfer at 2–3). Venue as to this defendant would thus be proper in the proposed transferee district. *See* 28 U.S.C. § 1400(b). Similarly, because the Filhol defendants are aliens, venue in the Southern District is proper as to them under § 1391(d). Defendant CTT has not conceded alien status, but it has admitted that it is a statutory board of the Republic of Ireland. Its failure to object to venue in the Eastern District—when its offices are in the Southern District—is a further indication that CTT's status for venue purposes is that of an alien. Venue is therefore proper as to all defendants in the Southern District of New York.

Venue in the proposed transferee district may not have been proper with regard to the two defendants who have settled. When a defendant is no longer a party to the suit, however, the court is "not required to confine its venue considerations to the facts as they existed at the time of the complaint." *In re Fine Paper Antitrust Litigation,* 685 F.2d 810, 819 (3d Cir.1982), *cert. denied,* 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1003 (1983); *see Hess Oil Virgin Islands Corp. v. UOP, Inc.,* 447 F.Supp. 381, 383 (N.D.Okla.1978); *cf. Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618–19 (2d Cir.) (where case could have been brought against some defendants in transferee district, those claims may be severed and transferred, with remainder retained in transferor court), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). It would elevate form over substance to forbid a transfer, sought by the plaintiff, on the basis of an objection—that

---

**1.** The transfer of venue provision, 28 U.S.C. § 1404(a), is fully applicable in an action governed by one of the special venue provisions. *SEC v. Savoy Indus., Inc.,* 587 F.2d 1149, 1153 (D.C.Cir.1978), *cert. denied,* 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979); *Smithkline Corp. v. Sterling Drug, Inc.,* 406 F.Supp. 52, 56 (D.Del.1975).

the suit could not originally have been brought in the transferee district—that logically should be raised by defendants no longer in the case. *See In re Fine Paper Antitrust Litigation, supra,* 685 F.2d at 819.

Venue is therefore proper in the proposed transferee district. The decision to transfer remains, however, within the discretion of this Court. *See Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967). The movant carries the burden of establishing that a transfer should be granted. *Cambridge Filter Corp. v. International Filter Co.,* 548 F.Supp. 1308, 1310 (D.Nev. 1982).

Where, however, a plaintiff brought suit in a particular district because it was the only one in which it was possible to join all defendants, and some of the defendants are later dropped, he should face a lighter burden in moving to transfer "than if he has merely had second thoughts." 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3848, at 393 n. 30 (1986).

■ Plaintiff must show that a change in circumstance since the suit was filed warrants a transfer of venue. *Harry Rich Corp. v. Curtiss-Wright Corp., supra,* 308 F.Supp. at 1118. The plaintiff's burden may be met by showing that transfer would satisfy the interests of convenience and justice. The court must consider both parties and witnesses, and must determine which district provides the most expeditious and inexpensive forum. *See Schneider v. Sears, supra,* 265 F.Supp. at 263.

The plaintiff has shown to the satisfaction of this Court that there has been a change in circumstances which in the interests of justice and convenience makes the Southern District the most appropriate forum. Considerations of judicial economy strongly suggest that this case should be transferred to the district in which a related case is pending. "[T]he pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue." *Supco Automotive Parts, Inc., v. Triangle Auto Spring Co.,* 538 F.Supp. 1187, 1192 (E.D.Pa.1982) (citations omitted); *see also Schneider v. Sears, supra,* 265 F.Supp. at 266–67 ("There is a strong policy favoring litigation of related claims in the same tribunal....").

The Southern District suit against IPCO involves infringement of the same patent, and the invalidity of which is likely to be raised as an affirmative defense by defendants in both cases. That both suits involve common issues of law and fact is further demonstrated by the stipulation of all parties but CTT that any discovery taken in the Southern District case as to the issue of patent validity may be used in both suits. Trying both cases in one forum should thus avoid duplicative and inconsistent judgments. *Cf. Magnavox Co. v. APF Electronics, Inc.,* 496 F.Supp. 29, 34 (N.D. Ill.1980) (motion to transfer one of three cases involving the same patent and pending before the same court denied in order to prevent duplicative judicial effort).[2]

There are additional factors that militate in favor of a transfer to the Southern District. Such a move would serve the convenience of witnesses who might otherwise be twice called upon to testify. Defendants may in fact benefit if this case is consolidated with the suit against IPCO, a large company that is likely to litigate the case vigorously. Further, proceeding in the Southern District entails very little of the complexity sometimes involved when a case is transferred. No choice of law problem is created, because both districts are in the same state. There will be no inconvenience to any party or witness, as the Eastern and Southern District courthouses are only two miles apart. Finally, CTT—the only party to oppose the motion—has point-

2. As defendant CTT suggests, a court deciding a motion to transfer to a district in which a similar suit is pending should consider the likelihood that consolidation will actually occur following transfer. There is no requirement, however, that consolidation be certain before this Court can consider the fact that a related action is pending in the proposed transferee court. *Berg v. First Am. Bankshares, Inc.,* 576 F.Supp. 1239, 1244 n. 1 (S.D.N.Y.1983).

ed to no prejudice that will result if the case is transferred.

Accordingly, after an analysis of all relevant interests, I conclude that this action should be, and hereby is, transferred to the United States District Court for the Southern District of New York.

SO ORDERED.