**L.C. BARON, INC. and
Liliane C. Baron**

v.

**H.G. CASPARI, INC.**

No. 86–6313.

United States District Court,
E.D. Pennsylvania.

April 23, 1987.

Steven R. Waxman, David L. Hyman, Burrell, Waxman, Donaghy & Lee, Philadelphia, Pa., for plaintiffs.

Thomas M. Close, Connor & Weber, Philadelphia, Pa., Ronald J. St. Onge, St. Onge, Steward, Johnston & Reens, Stamford, Conn., for defendant.

## MEMORANDUM AND ORDER

LUDWIG, District Judge.

Defendant H.G. Caspari, Inc., a New York corporation, moves to dismiss for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), or to transfer to the Southern District of New York under 28 U.S.C. § 1404(a).[1]

The original complaint, filed October 28, 1986, claims diversity by alleging that plaintiff L.C. Baron, Inc. is a Pennsylvania corporation and that plaintiff Liliane C. Baron is a resident of Philadelphia.[2] On March 27, 1987 after defendant filed the jurisdictional motions, individual plaintiff moved for leave to file an amended complaint nunc pro tunc. Fed.R.Civ.P. 15(a). The original complaint seeks an accounting from defendant, a greeting card publisher, for its use of artistic designs created by individual plaintiff and supplied by her to defendant under an exclusive rights contract.

The proposed amended complaint, prepared by new counsel, sets forth a copyright infringement action under 17 U.S.C. § 101 *et seq.*, requesting injunctive relief and damages. It alleges that copyright registrations of plaintiff's designs and paintings were obtained for her after the accounting action was instituted.[3] Defendant corporation opposes the filing of the amended complaint. It also asserts that venue in this district is improper because plaintiff, in a deposition taken March 11, 1987, acknowledged that she is a citizen of France and a resident alien of the United States. Plaintiff maintains that jurisdiction and venue are properly laid in that defendant is "doing business" in this district. Furthermore, she contends, the copyright action overcomes defendant's threshhold defenses.

■ As to the action as originally filed, I conclude that venue was improper.[4] Lacking citizenship, a foreign resident cannot bring a diversity action in his home district even though the general provisions of 28 U.S.C. § 1332 were revised to include alienage jurisdiction. Under the cases, the rule remains that an alien must sue where the defendant resides or where the claim arose. *See Fleifel v. Vessa*, 503 F.Supp 129 (W.D.

---

1. Defendant also moves to dismiss for lack of diversity jurisdiction because the amount in controversy does not exceed $10,000. *28 U.S.C. § 1332(a).*

2. On November 5, 1986 plaintiffs filed as a matter of course a "First Amended Complaint" averring that individual plaintiff is "a citizen of the Commonwealth of Pennsylvania." Fed.R.Civ.P. 15(a).

3. According to the amended complaint and individual plaintiff's answers to interrogatories, *plaintiff corporation is inactive and has no place of business.* The amended complaint would add a defendant, Donald H. Stevens, a Connecticut resident, as president and major owner of defendant corporation.

4. As a result, it is unnecessary to decide defendant's motion to dismiss for lack of *in personam* jurisdiction.

Va.1980); *Acosta v. Grammer,* 402 F.Supp. 736 (E.D.Mo.1975). *See also* 1 Moore, *Federal Practice* ¶ 0.142(6), at 1438 (2d ed. 1948).

Defendant resides in the Southern District of New York where its principal place of business is located. "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C. § 1391(c). Defendant is not licensed to do business in Pennsylvania, and plaintiff has not demonstrated that defendant is "doing business" in this district.[5]

Plaintiff's claims did not arise here. Although it may be difficult and "sometimes unnecessary and unrealistic" to find that a claim arose in a single district, little of record supports the complaint's conclusory allegation that the cause of action arose here. *Checki v. Webb,* 785 F.2d 534, 537 (5th Cir.1986). *See Lamont v. Haig,* 590 F.2d 1124 (D.C.Cir.1978) ("substantial portion of acts or omissions"); *Rosenfeld v. S.F.C. Corp.,* 702 F.2d 282 (1st Cir.1983) ("place of injury" test). The parties' alleged contract appears to have been entered into and largely performed in New York city.

Accordingly, venue does not lie in this district.

If the amended complaint were allowed, I believe venue would be a question of first impression. The special venue provision of 28 U.S.C. § 1400(a) permits civil actions "relating to copyrights to be instituted in the district in which defendant or his agent resides or may be found." It does not refer to the status of plaintiff. The term "found" has been equated with "minimum contacts" sufficient under state law to enable service of process and provide *in personam* jurisdiction. *Thomas Jackson Publishing, Inc. v. Buckner,* 625 F.Supp. 1044 (D.Neb.1985); *Testa v. Janssen,* 482 F.Supp. 1195 (W.D.Pa.1980); *Donner v. Tams–Witmark Music Library, Inc.,* 480 F.Supp. 1229 (E.D.Pa.1979). It is debatable whether or not the alien plaintiff rule in diversity should apply to copyright cases as well. Widespread copyright protection is to be encouraged. 1 Moore, *supra,* ¶ 0.144[8], at 1496. Nevertheless, the history of federal venue laws suggests that the interest of a citizen will receive paramount consideration.[6] Without deciding the issue as a matter of venue law, I believe this defendant's citizenship interests can best be reconciled by transferring the action to defendant's residence.

The defective venue of the original action can be cured by transfer under 28 U.S.C. 1406(a) "to any district or division in which it could have been brought." If venue exists either under the original or the amended complaint, the same result could obtain under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses" and "in the interest of justice." Since plaintiff's claims arose in the Southern District of New York, the original and amended complaints could have been filed there.

▬ Assuming venue exists, I believe a § 1404(a) transfer should be granted. The burden is on defendant as movant to prove the requisite factors. *Anderson v. Thompson,* 634 F.Supp. 1201 (D.Mont. 1986); *Commodity Futures Trading Comm. v. Savage,* 611 F.2d 270 (9th Cir.

---

5. When challenged, the burden is on plaintiff to establish venue. *Conaway Enter., Inc. v. Dyna Indus., Inc.,* 547 F.Supp. 577 (W.D.Pa.1982). Defendant's affidavit asserts that it is not licensed in this state and has no office or employees here. Plaintiff argues that defendant's greeting cards and other products are shipped to this district and retailed here. This "stream of commerce" may be enough to show "minimum contacts" for *in personam* jurisdiction, *see Asahi Metal Indus. Co., Ltd. v. Superior Court,* — U.S. ——, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) but does not constitute "doing business" under § 1391(c). *See J.L. Clark Mfg., Co. v. Gold Bond*

*Corp.,* 629 F.Supp. 788 (E.D.Pa.1985); *Conaway Enter., Inc., supra.*

6. Analyzing the development of these laws, the special venue provisions for patent infringement suits have been held inapplicable to actions against aliens. *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972); *Fairfax Dental Ltd. v. S.J. Filhol, Ltd.,* 645 F.Supp. 89 (E.D. N.Y.1986); *Brunswick Corp. v. Suzuki Motor Co., Ltd.,* 575 F.Supp. 1412 (E.D.Wis.1983).

1979). Ordinarily, plaintiff's selection of forum should prevail, presupposing plaintiff's interest in the forum by virtue of citizenship and residence. *E.g., New Image, Inc. v. Travelers Indem. Co.,* 536 F.Supp. 58 (E.D.Pa.1981); *Mowrey v. Johnson & Johnson,* 524 F.Supp. 771 (W.D.Pa. 1981). However, an alien has no jurisdictional residence.[7] The policy expressed in the alien venue cases favors the citizen's district and outweighs the inconvenience to the alien. *See Fleifel,* 503 F.Supp. 129, 131; *Acosta,* 402 F.Supp. 736, 737; note 6, *supra.*

In this case, the balance of convenience also leans towards transfer. Defendant lists seven of its officers and employees as witnesses to the dealings between the parties. It predicts that it will call fact witnesses and an expert from the New York city area to testify as to the custom of trade between publishers and artists. Plaintiff expects to call herself and at least five other witnesses, three of whom are from the Philadelphia area and two from New Jersey.[8] Three are described as artists who had prior dealings with defendant and a fourth is a spouse of an artist. They are offered to prove "the lack of credibility of Defendant's witnesses." Plaintiff's supplemental memorandum, at 5. This vague proffer makes it difficult to evaluate the importance of these rebuttal witnesses or the admissibility of their testimony.

█ The relevant documents and records in this case are located in New York. *Kuenz v. Goodyear Tire & Rubber Co.,* 617 F.Supp. 11 (D.C.Ohio 1985). Most of the witnesses who can be expected to testify as to them work in defendant's office. *See Paul v. International Precious Metals Corp.,* 613 F.Supp. 174 (D.Miss.1985); *Volk Corp. v. Art–Pak Clip Art Service,* 432 F.Supp. 1179 (S.D.N.Y.1977) (copyright infringement action begun in district of attorney's residence transferred to district where principal witnesses and most of evidentiary material were located). The contractual aspects of plaintiff's original claim and the infringing acts claimed in the amended complaint, having occurred in New York, are governed by that state's law. It is appropriate and helpful for a case to be tried where the law of the forum will be applied. *See DeMateos v. Texaco, Inc.,* 562 F.2d 895 (3d Cir.1977); *Jacobs v. Lancaster,* 526 F.Supp. 767 (W.D.Okla. 1981).

█ As a further factor, plaintiff argues that she is unable to finance a lawsuit in New York city. Her attorney's affidavit states that while he undertook her representation on a contingent fee basis, it is doubtful that any New York city law firm would agree to serve as local counsel on that basis.[9] Obviously, the relative financial capabilities of the parties can affect the outcome of a lawsuit, and there are cases in which this consideration was a significant reason for transfer to the defendant's home forum. *First Nat'l. Bank v. White,* 420 F.Supp. 1331 (D.Minn.1976); *Aamco Automatic Transmissions, Inc. v. Bosemer,* 374 F.Supp. 754 (E.D.Pa.1974). Here, plaintiff initially was satisfied to institute an action for an accounting. Thereafter, she chose to obtain leave to amend, through copyright counsel, to set forth an "intellectual property" action, having filed applications for copyright registration. Her counsel should be able to appear in the transferee district pro hac vice. *Paul v. International Precious Metals Corp.,* 613 F.Supp. 174. It should be unnecessary to employ local copyright counsel, and other local counsel may be readily available on a contingency arrangement. Plaintiff does not aver that she is indigent, and her copyright counsel's affidavit states that her cause is worth pursuing. A trial here

---

7. "Since the word 'residence' includes within its meaning the concept of 'state citizenship', an alien can never be a resident of any judicial district." 1 Moore, *supra,* ¶ 0.142[6], at 1438 (footnotes omitted).

8. The contention that all but one of plaintiff's other witnesses are outside the 100 mile subpoena power of the Southern District of New York is unconvincing. Geographical accuracy is suspect, and the witnesses, with one possible exception, are apparently friendly.

9. According to the affidavit, the normal fee in copyright litigation in New York is $250 per hour.

would produce far greater disruption, inconvenience, and expense for defendant than a trial in the Southern District of New York will for plaintiff. Inconvenience of counsel is not to be considered. *See Poncy v. Johnson & Johnson*, 414 F.Supp. 551 (S.D.Fl.1976).

I have not ruled on any other outstanding motion so that the transferee court may exercise control over this case as early in its pretrial posture as practicable.

### ORDER

AND NOW, this 23rd day of April, 1987, upon motion, this action is ordered transferred to the Southern District of New York, and the clerk of court shall effectuate this order.