**Ramanik T. HATHI t/a Ram Realty Group, Plaintiff,**

**v.**

**Ike FRISCHER and Sam Brownstein t/a Advance Realty Associates, Defendants.**

Civ. A. No. 86–732.

United States District Court, E.D. Pennsylvania.

July 14, 1986.

Leonard J. Tripodi, Media, Pa., for plaintiff.

Mayer Horowitz, Donsky, Levin, Dashevsky & Dicht, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiff Ramanik T. Hathi, a citizen of the Commonwealth of Pennsylvania, trading as Ram Realty Group, filed this cause of action on February 6, 1986. This court

has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse in citizenship and the matter in controversy exceeds $10,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a) (West 1976). Defendant Sam Brownstein, a co-partner in Advance Realty Associates, has moved to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). 28 U.S.C.A. § 1404(a) (West 1976). For the reasons that follow, the motion is denied.

In October, 1982, plaintiff and defendants Brownstein and Ike Frischer[1] entered into an arrangement to list for sale an apartment complex known as Marten Square Apartments. The controversy between plaintiff, a licensed real estate broker in Pennsylvania, and defendants, licensed real estate brokers in New York, centers on an oral agreement of October, 1982 concerning plaintiff's compensation for his involvement in the sale. The complex, consisting of 344 units, is located in Cornwell Heights, Bucks County, Pennsylvania. Plaintiff contends that the parties agreed that plaintiff would get a one-half share of any commissions earned on the sale. Defendant alleges the agreement was that Brownstein and Frischer would pay plaintiff a flat fee of $10,000 upon sale of the complex. Defendant Brownstein claims that he and Mr. Frischer specifically refused to enter into an agreement with plaintiff for an equal split of commissions because in a previous transaction with plaintiff, defendant and Mr. Frischer, t/a Advance Realty Associates, did not receive commissions to which they were entitled from plaintiff.

The property was sold in late 1982 for $6,700,000. Plaintiff alleges Brownstein and Frischer earned at least a $150,000 commission on the sale and that he was entitled to one-half of that amount. Defendant Brownstein alleges that plaintiff was paid $10,000 which was all he was owed. Plaintiff instituted this action to recover the difference between what he

was paid and what he alleges he is owed. He contends this amounts to $65,000 or some higher figure if proved upon further discovery in the course of litigation. Defendant moved to dismiss plaintiff's complaint for lack of jurisdiction. The court denied the motion for lack of sworn affidavits or other supporting documents properly authenticated. The denial was without prejudice to defendant filing a motion for transfer pursuant to 28 U.S.C. § 1404(a); such a motion was filed on May 27, 1986.

Under § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 1976). There is no question that this action could have been brought in the Southern District of New York since that is a district "where ... all defendants reside." 28 U.S.C.A. § 1391(a) (West 1976). The issue is whether the convenience of the parties and witnesses and the interest of justice justify transfer.

Motions to transfer are determined by consideration of the same factors relevant to a determination of a *forum non conveniens* motion. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Those factors are:

1. relative ease of access to sources of proof;
2. availability of compulsory process for attendance of unwilling witnesses;
3. cost of attendance at trial by willing witnesses;
4. possibility of view of the premises, if appropriate;
5. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and,
6. the "public interest," including the relative congestion of court dockets, choice of law considerations and the relation of the community in which the courts and jurors are required to

---

1. By agreement of the parties at a conference held in this matter on July 9, 1986, defendant Ike Frischer, who died prior to the institution of this action, has been dismissed as a party.

serve to the occurrences that give rise to the litigation.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request ... and unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.

*Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970) (citations omitted, emphasis supplied in *Shutte*); *Ethanol Partners Accredited v. Weiner, Zuckerbrot, Weiss & Brecher,* 617 F.Supp. 308, 311 (E.D.Pa. 1985). Defendant Brownstein has failed to meet this burden.

Defendant alleges that all of his "witnesses, books, records, materials and documentation" pertaining to this action are in New York and that the cost of bringing the witnesses to the Eastern District of Pennsylvania would be "extraordinary." Memorandum of Law in Support of Defendant's Motion to Transfer Venue, p. 4. The defendant acknowledges that witnesses may be deposed, but points out that a party should not be compelled to rely on "trial by deposition," particularly where the "qualitative value" of the witnesses' testimony is high. *B.J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1105 (E.D.Pa.1977).

Defendant fails to acknowledge that only 90 miles separates the Eastern District of Pennsylvania from the Southern District of New York. This distance has two consequences. First, it undercuts defendant's argument that it would be costly or time-consuming to bring witnesses to the plaintiff's chosen forum, two hours from Foley Square, particularly in view of defendant's failure to document the costs. Second, this court has the power to subpoena witnesses within 100 miles under Fed.R.Civ.P. 45(e)(1) so that some of the three New York witnesses other than defendant might be within the subpoena power of the court. The court also finds that it would not be onerous for defendant to bring relevant documents to the plaintiff's chosen forum since said documents weigh only five ounces, consist of copies of the real estate settlement closing schedules, correspondence between the parties and one cancelled check, and could comfortably be carried to Philadelphia by briefcase on a train or airplane.

Defendant also argues that the court lacks personal jurisdiction over him and that the action should be transferred for this reason. The court denied this argument when the defendant moved to dismiss plaintiff's complaint for lack of personal jurisdiction because of a lack of sworn affidavits or other supporting documents. We now consider the issue relevant because the case should be transferred if there is any doubt about whether personal jurisdiction is proper. We find no such doubt.

■ Where a cause of action arises from events or transactions related to the forum, a plaintiff must show minimum contacts between defendant and the forum for the court to exercise personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 318–20, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945); *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 490 (3d Cir.1985). In this case, defendant transacted business with a licensed Pennsylvania real estate broker involving the transfer of real property located in Pennsylvania. Defendants could reasonably have expected to be haled into a court in Pennsylvania when a dispute arose between them and plaintiff. *Burger King Corp.,* 471 U.S. at ——, 105 S.Ct. at 2181–82, 85 L.Ed.2d at 540–41; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Here, the factfinder might view the property if at all relevant to the issues.

■ Plaintiff makes an argument against transfer that the court wishes to make clear it gave little weight. Plaintiff argues that defendant's motion should be denied because Local Rule 8(3)(A) of the

Eastern District of Pennsylvania compels arbitration for civil cases involving damages of not more than $75,000. Arbitration is unavailable in the Southern District of New York, so it is argued that the action would be heard faster and less expensively in Philadelphia. However, arbitration here is not binding and might not be final. "Within thirty (30) days after the arbitration award is entered on the docket, any party may demand a trial de novo in the district court." Local Rule 8(7). Although there are few trials *de novo*, the court declines to consider this as a factor in opposition to transfer. Defendant's motion for transfer of venue is not denied because of the availability of arbitration in this district but because there are not persuasive arguments that the balance of convenience favors defendant's motion for transfer.