The **MARKET TRANSITION FACILITY OF NEW JERSEY, Plaintiff,**

v.

David **TWENA** et al., **Defendants.**

Civ. No. 96–0703.

United States District Court,
D. New Jersey.

Oct. 7, 1996.

Kenneth L. Aron, Lambert, Weiss & Pisano, New York City, for Market Transition Facility of New Jersey.

Mark B. Wiesen, New York City, for David Twena.

David Dorf, Pro Se.

## OPINION

CHESLER, United States Magistrate Judge.

### I. Introduction.

This matter comes before the Court on the application of Defendant David Dorf to transfer this action to the U.S. District Court in the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). The motion was referred to the undersigned by the Honorable Maryanne Trump Barry, U.S.D.J. Oral argument was heard on September 24, 1996. For the reasons stated below, the motion is denied.

### II. Background.

This declaratory judgment action arises from the issuance, by plaintiff Market Transition Facility of New Jersey ("MTF"), of an automobile liability insurance policy to defendant David Twena. Plaintiff claims that defendant Twena fraudulently misrepresented his status as a *bona fide* resident of New Jersey when he applied for the policy, and as a result Plaintiff subsequently cancelled the policy. The cancellation occurred shortly after defendant Twena was involved in an automobile accident with defendant David Dorf in New York. Defendant Dorf subsequently initiated a lawsuit in New York against defendant Twena. Plaintiff has denied coverage to defendant Twena in that suit and is defending him under a reservation of rights. In this suit, plaintiff is seeking a declaration that it properly cancelled defendant Twena's

policy based upon his representation that he was a New Jersey resident when, it is alleged, he was in fact a resident of New York.

Defendant Dorf[1] has moved to transfer this action to the Eastern District of New York. Defendant Dorf contends that venue in the District of New Jersey is improper because 28 U.S.C. § 1391(a), the venue statute governing diversity, is not satisfied. (Def. David Dorf's Mem. in Supp. of Mot. for Trans. of Venue [hereinafter "D.Mem."] at 6, 10.) Additionally, Defendant Dorf contends that transfer to the U.S. District Court for the Eastern District of New York is in the interests of justice and would be more convenient for the parties and witnesses pursuant to the provisions of Title 28 U.S.C. § 1404(a). (D.Mem. at 12–13.)

In determining whether § 1391(a) is satisfied, this Court must address two questions: first, whether venue is proper in a district where a substantial part of the events giving rise to the claim occurred when all defendants reside in the same state as these defendants do[2]; and second, whether a substantial part of the events giving rise to this particular claim occurred in the district of New Jersey. The answer to both of these questions is "yes." Accordingly, the Court must also decide whether it is in the interest of justice and more convenient for the parties to transfer this case to the Eastern District of New York. The answer to this question is "no." Therefore, for the reasons discussed below, the application to transfer the action to the Eastern District of New York must be denied.

### III. Discussion.

A. *Transfer Pursuant to 28 U.S.C. § 1406(a)*

1. *The Applicability of Title 28 U.S.C. § 1391(a)(2)*

■ Defendant Dorf asserts that the Court should transfer this case to the East-

ern District of New York pursuant to 28 U.S.C. § 1406(a). Section 1406(a) permits a court to transfer a federal action from a district court without proper venue to "any district or division in which [the case] could have been brought." *Id.* Such district or division is any federal court with proper venue.

Venue in this case is governed by 28 U.S.C. § 1391(a). Section 1391(a) states, in relevant part:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....

Thus, the plain language of the statute indicates that any case based on diversity may be brought either where the defendants reside or a district where a substantial part of the events occurred.

Defendant Dorf nevertheless argues that there is only one option when all defendants reside in the same state: venue must be in a judicial district where a defendant resides. (D.Mem. at 6.) He bases this argument on the legislative purpose behind the 1966 amendment to the venue statute. Prior to 1966, venue was proper only where all defendants resided. In 1966, Congress amended the statute so that venue was proper where defendants resided or where "the claim arose".[3] According to defendant Dorf, the main purpose of this amendment was to close the venue gap which prevented proper venue in suits where there was no state where all defendants resided. Therefore, asserts Defendant Dorf, the new subsection which allowed venue "where the claim arose" was relevant only when defendants did not all reside in the same state. In defendant

---

1. Defendant David Twena has not yet made an appearance in this action.

2. According to defendant Dorf, both of the defendants reside in the state of New York. (D.Affirm: ¶ 7.)

3. In 1990, Congress again amended the statute so that venue is proper in the district where defendants reside, in any district "in which a substantial part of the events or omissions giving rise to the claim occurred", or, if there is no proper venue otherwise, in any district in which any defendant is subject to personal jurisdiction.

Dorf's view, the 1990 amendments to this statute, which expanded venue beyond the district "where the claim arose", did not change its role as a "gap-filler". Thus, Defendant Dorf concludes, venue in this case is proper only in the Eastern District of New York since both defendants live in Brooklyn, New York.

Defendant Dorf relies on *Canaday v. Koch*, 598 F.Supp. 1139 (E.D.N.Y.1984), to support his contention. The court in *Canaday* held, "[B]ecause the 'claim arose' language was inserted into § 1391(b) to fill a venue gap created by the residence of defendants in different districts, venue under the 'claim arose' language should not be considered when, as here, all defendants do reside in the same district." 598 F.Supp. at 1148. *Canaday* in turn relied on language contained in *Leroy v. Great W. United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), which discussed the fact that this provision was indeed intended by Congress to fill a gap where venue could not otherwise be found. Significantly, however, while *Leroy* indicates that this was the reason why the section was enacted, it does not suggest that the section may only be utilized under those circumstances.

This Court does not find *Canaday's* reasoning to be persuasive. When interpreting a statute, the starting point is always the language of the statute itself. *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). Courts presume that Congress expressed its legislative intent through the ordinary meaning of the words it chose to use. *United States v. Knox*, 32 F.3d 733, 744 (3d Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 897, 130 L.Ed.2d 782 (1995). As stated above, the plain language of § 1391(a) indicates that venue in diversity cases is proper, regardless of circumstances, in either a district within the state where all defendants reside or in a district where a substantial part of the events or omissions giving rise to the claim occurred. There is nothing on the face of the statute to support Defendant Dorf's interpretation that venue *must* be in a district where a defendant resides, when all defendants reside in the same state.

The view expressed in *Canaday* was explicitly rejected by the court in *Merchants Nat'l Bank v. Safrabank (California)*, 776 F.Supp. 538 (D.Kan.1991). There the court was faced with the same argument as that presented here:

The defendants have pointed to certain statements in Leroy suggesting that section 1391(b) allows venue in the district where the claim arose only when multiple defendants do not reside in the same judicial district. In Leroy, the Court stated that '[i]n most instances the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial,' 443 U.S. at 183–84, 99 S.Ct. at 2716 (emphasis in original), and further explained that 'the amendment giving plaintiffs the right to proceed in the district where the claims arose' was 'designed to close the venue gaps that existed under earlier versions of the statute in situations in which ... multiple defendants who contributed to a single injurious act, could not be sued jointly because they resided in different districts.' Id. at 184 & n. 17, 99 S.Ct. at 2717 & n. 17.

776 F.Supp. at 540–41. After noting that some courts, including the *Canaday* court, had adopted this reading of *Leroy*, the court nevertheless flatly rejected it in the following language:

We were not persuaded by this view prior to the 1990 amendment, but we believe that there is now less reason to follow it in light of the language used by Congress in the amended version of section 1391(b). The defendants' argument fails to give effect to the plain language of the statute.... We believe that the language of the statute must control and it provides for alternative bases of venue. Accordingly, we reject the defendants' argument that venue is improper here because all of the defendants reside in the Central District of California.

*Id.* at 541 (internal citations omitted).

Similarly, in *Reitnour v. Cochran*, 1987 WL 9774 (E.D.Pa.1987), Judge Pollak also rejected the *Canaday* court's interpretation of the statute, holding that such an interpre-

tation "would refuse to give effect to the plain language of the statute." [4] 1987 WL 9774, at 1 (citing 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3806 at 54); *see also Catrambone v. Bloom,* 540 F.Supp. 74 (E.D.Pa.1982) (stating that venue was proper only if the claim arose in the Eastern District, since all defendants resided in the Middle District); *Florida Nursing Home Assoc'n v. Page,* 616 F.2d 1355 (5th Cir.) ("[T]he venue statute makes it clear that the residence of the defendants does not provide the only basis for venue. Venue is also proper in the district where the claim arose."), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), *and rev'd on other grounds,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).

The *Canaday* court's reasoning has also been rejected by a leading commentator. Wright, Miller & Cooper, in considering the possibility that only one venue is available when all defendants reside in the same state, did not find it likely. "Cases both before and after Leroy have understood that the 1966 legislation provides an alternative and that suit may be brought either in the district in which the claim arose or in a district in which venue can be laid on the basis of the residence of the party." 15 Charles A. Wright, et al., Federal Practice and Procedure § 3806, at 53 (2d ed. 1986). Indeed, in discussing the relevant section of the statute, they stated that it is "clearer than ever" that § 1391(a)(2) "may be used in any case and is not limited to cases in which defendants could not be sued jointly because they resided in different districts." *Id.* at 16 (2d ed. Supp.1996).

For all of the reasons stated above, venue in the District of New Jersey is proper in this case if it is a district in which a substantial part of the events or omissions giving rise to the claim occurred. Therefore, I will now turn to the question of whether or not such conduct did indeed occur in the District of New Jersey.

### 2. Events Within New Jersey Giving Rise to Plaintiff's Claim

Whether or not venue exists pursuant to § 1391(a)(2) is determined by the operative facts of the case. Defendant Dorf argues that "the majority of the events giving rise to this claim occurred in Brooklyn, New York". (D.Mem. at 12.) He supports this with two assertions: (1) a claim based on a fraudulent act is deemed to arise in the defendant's state of residence, (D.Mem. at 10), and, (2) harm felt in the plaintiff's state of residence, by itself, is insufficient to confer venue, (*Id.* at 11). I find no support in the cited cases for the first assertion.[5] Further, venue here is not based on harm felt in this, the plaintiff's state of residence. Rather, venue is based on the fact that defendant Twena, while in the state of New Jersey, allegedly engaged in fraudulent misrepresentation by stating that he was a *bona fide* New Jersey resident, when applying for a New Jersey automobile liability insurance policy. The application was made to a New Jersey corporation, which was only authorized to issue policies to New Jersey residents. (Certification in Opposition [hereinafter "P. Certif."] ¶¶ 3–4, 9.) Based upon these facts, I am satisfied that the venue provision which requires that a "substantial part of the events or omissions giving rise to the claim" occur in the district is satisfied. Accordingly, the application to transfer this case pursuant to § 1406(a) must be denied.

### B. *Transfer Pursuant to 28 U.S.C. § 1404(a)*

Defendant Dorf also contends that venue should be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Section 1404(a) permits a court to transfer a federal action from one federal district to another "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Such a transfer is restricted, however, to "any other district or division where [the case] might have been brought." *Id.* It should be noted at the outset that this case properly could have

---

4. Venue in *Reitnour* was determined by interpretation of § 1391(b), not § 1391(a). The relevant portions of the statute, however, are identical.

5. Indeed, like any other type, a claim based on a fraudulent act is deemed to arise where the fraudulent act occurred.

been brought in the Eastern District of New York since both defendants reside there. (D.Affirm. ¶ 8.)

Assuming that both transferor and transferee fora satisfy the requirements for proper venue, analysis under § 1404(a) is "flexible and [is] made on the unique facts of each case." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 479 (D.N.J.1993). Such determinations are discretionary with the court. *Id.* Because the purpose of allowing § 1404(a) transfers is to "prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), the key considerations for the court to review when deciding a motion to transfer are 1) the convenience of the parties, 2) the convenience of the witnesses, and 3) the interests of justice.

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court listed specific factors for courts to consider when deciding transfer motions. The private factors noted by the *Gulf Oil* court include

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.... [T]he plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy.

*Id.* at 508, 67 S.Ct. at 843. The public factors deal with such things as court congestion, burdensome jury duty in a community unrelated to the litigation, the interest of having a local dispute decided in that locality, and the preference of having a state-law governed case decided in the forum familiar with that law. *Id.* at 509, 67 S.Ct. at 843.

Finally, the party moving for transfer has the burden of persuasion. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 609 (3d Cir.1991). In deciding transfers under § 1404(a), courts generally assign the plaintiff's choice of forum significant weight. *Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd.*, 847 F.Supp. 1244, 1246 (D.N.J. 1994). Although "the preference for honoring a plaintiff's choice of forum is simply that, a preference[,] ... not a right," *American Tel. & Tel. Co. v. MCI Communications. Corp.*, 736 F.Supp. 1294, 1306 (D.N.J.1990), the 1404(a) factors are still balanced by the court in making a transfer determination, and the balance must tip strongly in favor of transfer before disturbing the plaintiff's choice. *Hardaway Constructors*, 583 F.Supp. at 620. Therefore, the plaintiff's choice of forum will prevail, unless the party moving for the transfer can convince the court that "its alternative forum is not only adequate, but more convenient than the present forum." *Hudson United Bank v. Chase Manhattan Bank*, 832 F.Supp. 881, 888 (D.N.J.1993), *aff'd*, 43 F.3d 843 (3d Cir.1994).

In this case, plaintiff's choice of forum is accorded significant deference. As stated above, New Jersey has a considerable nexus with this case since a substantial part of the events giving rise to the claim occurred in New Jersey. Nevertheless, defendant Dorf submits that this case should be transferred to the Eastern District of New York, presumably for reasons of convenience, since the defendants, all of their witnesses, and their documents are located in that district. (D.Mem. at 13.) Further, defendant Dorf asserts that "all parties other than the plaintiff's employees/agents are located in New York." (*Id.*) Apparently, defendant Dorf believes that these are strong enough reasons to disturb plaintiff's choice of forum.

I am not convinced. "A court will not grant a transfer simply because the transferee court is more convenient for the defendants.... If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed." *Ballard Medical Products v. Concord Laboratories, Inc.*, 700 F.Supp. 796, 801 (D.Del. 1988) (internal cites omitted). At the outset,

I take judicial notice that the distance between the federal courthouses in Brooklyn and in Newark is less than twenty miles. Accordingly, there is only a negligible difference in terms of convenience. *See, e.g., Computers Plus Inc. v. AGS Enterprises, Inc.,* case no. 89–1406, 1989 WL 37112 at *2 (E.D.Pa. Apr. 13, 1989) (90 mile distance between the cities of Philadelphia and Baltimore will not cause significant inconvenience); *Hathi v. Frischer,* 645 F.Supp. 360 (E.D.Pa.1986) (transfer from Philadelphia to New York City denied); *Standard v. Stoll Packing Corp.,* 210 F.Supp. 749 (M.D.Pa. 1962), *appeal dismissed,* 315 F.2d 626 (3d Cir.1963) (transfer from Harrisburg to Pittsburgh denied); *Buchanan v. New York Central R.R. Co.,* 148 F.Supp. 732, 733 (E.D.Pa. 1957) (transfer that would save witnesses 100 miles of travel refused, since "in view of modern transportation facilities the mileage differential is inconclusive."). Further, even assuming that some inconvenience exists, transfer under these circumstances will simply switch the burden to plaintiffs. This the Court will not do.

■ Defendant Dorf further contends that transfer to the Eastern District of New York will particularly benefit defendant Twena. Apparently, defendant Twena's attorney in the personal injury lawsuit, Mr. Cyrus Wolf, has offered to represent him in the event that this case is transferred to the Eastern District of New York. (D.Affirm. ¶ 3.) There is no reason why Mr. Wolf could not represent defendant Twena in the District of New Jersey. Mr. Wolf could find local counsel and be admitted *pro hac vice* into this Court. Since there is no explanation as to why he has not done so, I can only assume it is for his own convenience. Convenience of counsel, however, is not a factor to be considered in § 1404(a) transfers. *Solomon v. Continental Am. Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir.1973). Therefore, this argument carries no weight in determining whether to change the venue in this action.

For the reasons stated above, the deference accorded to plaintiff's choice of forum will not be disturbed. Accordingly, defendant Dorf's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

## IV. Conclusion.

For the reasons discussed above, defendant Dorf's motion to transfer this action to the Eastern District of New York is denied. An appropriate order will issue.