## WM. H. MCGEE & COMPANY, INC. as subrogated insurer of Pennington Seed, Inc., Plaintiff,

v.

## UNITED ARAB SHIPPING CO., S.S. Saudi Abbha v. 88, her engines, boilers, etc. TCI Trucking and XYZ Corp, Defendants.

### Civil Action No. 97–2019 (AJL).

United States District Court,
D. New Jersey.

May 29, 1997.

---

Jennifer A. Cottell, Law Offices of Gerard F. Smith, Denville, NJ, for Plaintiff.

Robert A. Milana, Kirlin, Campbell & Keating, Caldwell, NJ, for Defendant United Arab Shipping.

OPINION

LECHNER, District Judge.

This is an action brought by plaintiff WM. H. McGee & Co. ("McGee"), as subrogated insurer of Pennington Seed, Inc. ("Pennington Seed"), against defendants, United Arab Shipping Co. ("United Arab"), S.S. SAUDI ABBHA v. 88 ("SAUDI ABBHA"), her engines, boilers, etc., TCI Trucking ("TCI Trucking") and XYZ Corp. (collectively, the "Defendants"). The instant action involves a damaged shipment of "Niger Seed" (the "Cargo"), shipped from Calcutta, India to New Orleans, Louisiana on board the SAUDI ABBHA. *See* Complaint, Schedule A; Friberger Aff., ¶ 2. United Arab has filed a motion for change of venue, pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") (the "Motion to Transfer").[1]

I. *Background*

1. *Facts*

At all relevant times, the SAUDI ABBHA was operated by the National Shipping Company Saudi Arabia ("National Shipping"). Friberger Aff., ¶ 2. United Arab had chartered space on board the SAUDI ABBHA and had agreed to carry the Cargo for Pennington Seed, pursuant to a bill of lading (the "Bill of Lading"), dated 14 February 1996. Friberger Aff., ¶ 2, Exh. A.

United Arab is "headquartered in Kuwait," but maintains an office in Cranford, New Jersey. *See* Milana Aff., ¶ 6; Friberger Aff., ¶¶ 1, 10. The "Notify Address" for Pennington Seed, listed on the Bill of Lading, is Madison, Georgia. *See* Bill of Lading. The Irwin Brown Company of New Orleans, Louisiana is listed in the Bill of Lading as a

second "Notify Party." *Id.* The Bill of Lading indicates the shipper for the cargo was M/S Agrimpex Pvt. Ltd., of Kathmandu, Nepal. *Id.*

The SAUDI ABBHA arrived with the Cargo in New Orleans, Louisiana, on or about 22 April 1996. Friberger Aff., ¶ 4. After the arrival of the Cargo, United Arab "hired Con–Surve, who used a New Orleans surveyor, Mike Marziale to survey the [C]argo . . . ." *Id.*

TCI Trucking is a business located in New Orleans, Louisiana. Friberger Aff., ¶ 6. TCI Trucking "attended and coordinated with the surveyors" of the Cargo and transported the Cargo to a sterilization facility operated by Import Sterilization, Inc. ("Import Sterilization") *Id.* The Cargo was "stripped at Import Sterilization . . . where it was inspected and fumigated." *Id.*, ¶ 7. "The local movement of the [C]argo was coordinated by the Irwin Brown Co., customs brokers, also located in New Orleans." *Id.*, ¶ 9.

All documentation relating to the Cargo and McGee's claims "as well as all relevant ship's records, logs, notes, arrival notices, delivery records, and other information is in New Orleans in the possession of Keer Steamship, United Arab's local agent, or is with the vessel owner in Saudi Arabia." Friberger Aff., ¶ 8. United Arab's New Jersey agents had no involvement in the shipment of the Cargo. *Id.*, ¶ 10. At least three witnesses, including two surveyors and Jack Jensen ("Jensen") of Import Sterilization, TCI Trucking and National Shipping are all located in Louisiana. Milana Aff., ¶ 11. There is no indication that any witnesses with information relevant to the instant action are present in New Jersey. There is no indication, moreover, that TCI Trucking has any contact with New Jersey and jurisdiction over TCI Trucking in New Jersey does not appear to exist.

2. *Procedural History*

McGee filed the instant Complaint in the Superior Court of New Jersey, Law Division,

---

**1.** United Arab submitted: Memorandum of Law in Support of Defendant's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (the "Moving Brief"), Affidavit of Eileen Friberger (the "Friberger Aff."), Affidavit of Robert A. Mila-

na (the "Milana Aff."), Reply Memorandum of Law.

McGee submitted: Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Change of Venue (the "Opposition Brief").

Morris County on 4 March 1997. The Complaint contains five counts. The first count alleges the Cargo, or portions thereof, were "damaged or lost" while in the control of Defendants. Complaint, First Count, ¶ 4. The second count alleges .Defendants "breached their contract of bailment, freight forwarding and carriage, as a result of which, [McGee's] insured's merchandise was greatly depreciated in value and [McGee's] insured lost the use of same for which it claims damages." *Id.*, Second Count, ¶ 3. The third count alleges Defendants "caused damages to [McGee's] insured's property," while it was in the "custody, care and control" of Defendants. *Id.*, Third Count, ¶ 4–5. The fourth count alleges Defendants breached "their agreements" with Pennington Seed. *Id.*, Fourth Count, ¶ 3. The fifth count alleges Defendants "were negligent and careless, and as a result of the negligence and carelessness of ... [D]efendants ... [McGee] suffered damages." *Id.*, Fifth Count, ¶ 2.

On 18 April 1997, United Arab removed the instant matter to this court. *See* Notice of Removal. On 22 April 1997, United Arab filed an amended notice of removal. On 25 April 1997, United Arab filed an answer. On 16 May 1997, United Arab filed the instant Motion to Transfer.

*Discussion*

1. *Motion to Transfer*

United Arab argues this matter should be transferred to the United States District Court for the Eastern District of Louisiana, the location most convenient to the majority of the parties and witnesses. Moving Brief at 1. United Arab argues the instant action bears no connection with New Jersey and that TCI Trucking is not subject to jurisdiction in New Jersey. *Id.*

McGee argues United Arab has failed to overcome the strong preference for litigating in McGee's choice of forum and has failed to establish that the balance of conveniences weigh strongly in favor of transfer. Opposi-

tion at 3. The Opposition consists of a two page brief. McGee argues:

Defendant, United Arab, moves for removal (sic) based on forum non conveniens. Factors which it argues support removal (sic) include the goods were shipped to a port in Georgia [2] and relevant witnesses are located in Georgia. The fact that the goods were shipped to Georgia is not an important consideration because the goods are no longer in Georgia or subject to inspection. In addition, not all witnesses are located solely within the State of Georgia. [McGee] itself is located in the States of New York and New Jersey, and is an essential witness in assessing the loss. Most of the documents are located in the New York office as well as in plaintiff's attorney's possession and control in New Jersey. Therefore [McGee's] choice of forum was permitted, and is proper.

Further, under 28 U.S.C. § 1404(a), it not be (sic) in the interests of justice to have this action removed (sic), as [United Arab] contends. Removing (sic) this case would be more expensive for all parties involved as it is a relatively small claim, discovery has already proceeded, and the parties have discussed possible settlement. Based on these additional factors, removal (sic) is improper.

Opposition Brief at 3.

2. *Standard of Review Under 28 U.S.C. § 1404(a)*

■ Section 1404(a) permits a District Court to transfer a case to any other district where venue is proper "[f]or the convenience of the parties and witnesses, in the interests of justice...." 28 U.S.C. § 1404(a).[3] The purpose of Section 1404(a) "is to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge*

2. As indicated, the Cargo was actually shipped to New Orleans, Louisiana. Pennington Seed, McGee's insured, is located in Georgia.

3. Section 1404(a) provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Id.*

*FBL–585*, 364 U.S. 19, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)); *see also Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir.1973); *Ricoh Co., Ltd v. Honeywell, Inc.* ("*Honeywell*"), 817 F.Supp. 473 (D.N.J.1993); *American Tel. & Tel. v. MCI Communications Corp.*, 736 F.Supp. 1294, 1305 (D.N.J.1990). As a preliminary matter, it must be determined that the transferee venue is one in which the case "could have been brought."[4] *Job Haines Home for the Aged v. Young*, 936 F.Supp. 223, 227 (D.N.J. 1996); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

■ The terms of the statute set forth three factors to consider when determining whether to transfer a matter: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *See* Section 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995); *Honeywell*, 817 F.Supp. at 479; *Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 306 (D.N.J.1989); *Derry Finance N.V. v. Christiana Cos.*, 555 F.Supp. 1043, 1045 (D.Del.1983). The transfer analysis, however, should not be limited to these three factors. Rather, the decision to transfer must incorporate "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related*

*Matters* § 3847 (2d ed.1986)); *Hudson United Bank v. Chase Manhattan Bank*, 832 F.Supp. 881, 888 (D.N.J.1993), *aff'd*, 43 F.3d 843 (3d Cir.1994).

### 3. Private and Public Interests

■ Transfer analysis under Section 1404 is flexible and must be made on the unique facts presented in each case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249–250, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), *reh'g denied*, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982); *Van Dusen*, 376 U.S. at 624, 84 S.Ct. 805; *Job Haines Home for the Aged*, 936 F.Supp. at 227. A determination that transfer to another jurisdiction is appropriate represents an "'exercise[ ] of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir.1989) (hereinafter "*Lony I*") (quoting *Pain v. United Technologies Corp.*, 637 F.2d 775, 781 (D.C.Cir. 1980), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)). Added to those factors are the "interests of justice" and the impact on judicial administration of maintaining related actions in separate fora. *Honeywell*, 817 F.Supp. at 479.

■ In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court listed various factors which should be considered in deciding to transfer.[5] These factors fall into two broad

---

**4.** There is no dispute among the parties as to whether this matter could have been brought in the Eastern District of Louisiana. Accordingly, that prong of the analysis is not addressed in this opinion.

**5.** *Gulf Oil* involved a motion to dismiss under the doctrine of *forum non conveniens*. Courts routinely look to the *Gulf Oil* factors for guidance on Section 1404(a) motions. *See Honeywell*, 817 F.Supp. at 479 n. 16; *Sandvik*, 724 F.Supp. at 308 n. 8. As well, Third Circuit's decisions such as *Lony I, Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 609 (3d Cir.1991) (hereinafter "*Lony II*") and *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38 (3d Cir.1988) (hereinafter "*Lacey I*"), which involved motions to dismiss under the

doctrine of *forum non conveniens*, are relevant to a motion to transfer under Section 1404(a).

Federal Courts have broader discretion to transfer an action under Section 1404(a), than to dismiss under the common law doctrine of *forum non conveniens. Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1046 (3d Cir.1973); *All States Freight v. Modarelli*, 196 F.2d 1010, 1011 (3d Cir.1952); *Ruccolo v. BDP, International, Inc.*, No. 95–2300, 1996 WL 735575, at *17 & n. 9 (D.N.J. 25 March 1996); *National Property Investors VIII*, 917 F.Supp. at 326–27; *Sandvik*, 724 F.Supp. at 307; *Rutherford v. Sherburne Corp.*, 616 F.Supp. 1456, 1463 (D.N.J.1985). *Cf. Lacey v. Cessna Aircraft Co.*, 932 F.2d 170 (3d Cir.), *reh'g denied en banc*

categories. The first includes factors relating to the "private interests" of the parties in the context of the litigation. The types of private interests may include the plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839; *Market Transition Facility of New Jersey v. Twena*, 941 F.Supp. 462, 467 (D.N.J. 1996). Other private interests may include the defendant's preference, whether the claim arose elsewhere, and the location of books and records. *See Jumara*, 55 F.3d at 879.

■ The second category consists of the "public interest" in the administration of courts and the adjudication of cases. Public interests include: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interest in having a matter adjudicated at home and familiarity of the forum court with the applicable law. *Id.* at 508–09; *Jumara*, 55 F.3d at 879; *Market Transition Facility of New Jersey*, 941 F.Supp. at 467; *Sandvik*, 724 F.Supp. at 307.

■ The moving party has the burden of persuasion on a motion to transfer. *Jumara*, 55 F.3d at 879; *Lony II*, 935 F.2d at 609; *Lony I*, 886 F.2d at 633; *Lacey I*, 862 F.2d at 44; *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir.1973); *National Property Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, (D.N.J.1995); *Tranor v. Brown*, 913 F.Supp. 388, 391 (E.D.Pa.1996). The burden is not on the plaintiff to show the proposed alternative forum is inadequate. *Honeywell*, 817 F.Supp. at 480; *American Tel. & Tel.*, 736 F.Supp. at 1305. Rather, the burden is on the moving party to show the proposed alternative forum is not only adequate, but also more convenient than the present forum. *Jumara*, 55 F.3d at 879; *Lacey I*, 862 F.2d at 43–44; *Job Haines Home for the Aged*, 936 F.Supp. at 227.

(3d Cir.1991) (hereinafter *"Lacey II"*); *Mediterranean Golf, Inc. v. Hirsh*, 783 F.Supp. 835, 840–

■ The "district court is required to develop adequate facts to support its decision and to articulate specific reasons for its conclusion" that transfer to another venue is appropriate. *Lacey I.*, 862 F.2d at 39; *see National Property Investors VIII*, 917 F.Supp. at 326; *Hudson United Bank*, 832 F.Supp. at 888; *Honeywell*, 817 F.Supp. at 480. The moving party, however, must submit sufficient information in the record to facilitate the appropriate analysis and to meet its burden of persuasion. From that basis, the contentions of the plaintiff and the relevant private and public interests must be considered and balanced. *Id.; Hudson United Bank*, 832 F.Supp. at 888.

### 4. Private Interests

The primary private interests in this action are McGee's choice of forum and the convenience of the available districts with regard to the sources of proof, namely the witnesses and evidence of all parties to the action.

#### a. Choice of Forum

■ In the Third Circuit, a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. The choice is "entitled to greater deference" when a plaintiff chooses its home forum. *Honeywell*, 817 F.Supp. at 480; *Sandvik*, 724 F.Supp. at 307 (citations omitted). *See also Market Transition Facility of New Jersey*, 941 F.Supp. at 467; *Job Haines Home for the Aged*, 936 F.Supp. at 227 ("In deciding transfers under § 1404(a), courts … generally assign the plaintiff's choice of forum significant weight."); *Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd.*, 847 F.Supp. 1244, 1246 (D.N.J.1994).

■ Indeed, "unless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839; *Honeywell*, 817 F.Supp. at 480 (quoting *Hardaway Constructors, Inc. v. Conesco Industries, Ltd.*, 583 F.Supp. 617, 620 (D.N.J. 1983)); *see also Lony II*, 935 F.2d at 609;

41 (D.N.J.1991).

*Lacey I,* 862 F.2d at 44. A plaintiff's choice of forum is considered to be presumptively correct. *Id.; Lacey I,* 862 F.2d at 45; *Hudson United Bank,* 832 F.Supp. at 888.

This presumption, however, is not dispositive. A plaintiff's choice of forum is not the only factor to be considered in a transfer analysis. *Honeywell,* 817 F.Supp. at 480; *American Tel. & Tel.,* 736 F.Supp. at 1306. A plaintiff's choice of forum is simply a preference; it is not a right. *Honeywell,* 817 F.Supp. at 480; *American Tel. & Tel. Co.,* 736 F.Supp. at 1306. In certain circumstances, a plaintiff's choice of forum is afforded less weight in the balance.

■■■■ One instance where a plaintiff's choice of forum is afforded less deference is when the plaintiff has chosen a foreign forum. *Mediterranean Golf,* 783 F.Supp. at 842; *see also Piper,* 454 U.S. at 255–56, 102 S.Ct. 252; *Job Haines Home for the Aged,* 936 F.Supp. at 228; *American Tel. & Tel.,* 736 F.Supp. at 1306; *Ballard Med. Prods. v. Concord Labs.,* 700 F.Supp. 796, 800 (D.Del. 1988); *L.C. Baron, Inc. v. H.G. Caspari, Inc.,* 678 F.Supp. 100, 103 (E.D.Pa.1987); *Clopay Corp. v. Newell Cos.,* 527 F.Supp. 733, 736 (D.Del.1981); *Pall Corp. v. Bentley Labs., Inc.,* 523 F.Supp. 450, 452 (D.Del.1981). *Cf. Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1226 & n. 4 (3d Cir.1995); *Lony II,* 935 F.2d at 609 (according less deference does not mean no deference is given to foreign plaintiff's choice of forum).

As well, deference is curbed when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit. *Job Haines Home for the Aged,* 936 F.Supp. at 228; *National Property Investors VIII,* 917 F.Supp. at 327. *See also American Tel. & Tel.,* 736 F.Supp. at 1306; *Hardaway Constructors, Inc.,* 583 F.Supp. at 617 (less significance is afforded plaintiff's choice of forum where "there is an absence of any significant contact by the forum state with the ... transactions or conduct underlying the cause of action").

■■■■] McGee argues that its choice of forum in this action is entitled to deference. Opposition Brief at 2. McGee argues it conducts business in New Jersey and United Arab is located in New Jersey. *Id.* Accordingly, McGee argues it has an interest in litigating the action in New Jersey. *Id.*

This argument is unpersuasive. As discussed, when the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less weight. *Job Haines for the Aged,* 936 F.Supp. at 227; *American Tel. & Tel.,* 736 F.Supp. at 1306; *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.,* 825 F.Supp. 671, 681 (D.N.J.1993); *National Mortg. Network, Inc. v. Home Equity Ctrs., Inc.,* 683 F.Supp. 116, 119 (E.D.Pa.1988).

The dispute in the instant matter centers upon whether the Cargo, shipped from Calcutta, India to New Orleans, Louisiana was damaged by United Arab and/or TCI Trucking. *See* Complaint, *passim.* The claims arose from the conduct of Defendants either at sea or in Louisiana. Accordingly, where the conduct occurred is significant. As indicated, moreover, the Cargo was shipped pursuant to the Bill of Lading which bears no connection to New Jersey.

It appears that none of the acts or omissions of the United Arab, which allegedly caused harm to McGee, occurred in New Jersey. Rather, the facts underlying the litigation appear to have more significant nexus to Louisiana. Because United Arab has demonstrated that the operative facts to this litigation are not centered in New Jersey, McGee's choice of New Jersey as the forum for this litigation is entitled to less deference. *Honeywell,* 817 F.Supp. at 483; *American Tel. & Tel.,* 736 F.Supp. at 1306.

#### b. *Access to Proof*

The second relevant factor under the private interest analysis is the convenience of the witnesses and the evidence of both parties to the available districts. The Supreme Court has stated that:

> To examine "the relative ease of access to sources of proof" and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are

critical, or even relevant, to the plaintiff's cause of action and to any potential defended to the action.

*Van Cauwenberghe v. Biard,* 486 U.S. 517, 528, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839).

 In the instant matter, the parties do not dispute the general nature of the action, which involves a claim arising from the transportation of the Cargo from Calcutta, India to New Orleans, Louisiana.

The surveyors who inspected the Cargo upon discharge are located in New Orleans, Louisiana. The persons who unloaded the SAUDI ABBHA, transported the Cargo by land and stored the Cargo are similarly located in New Orleans, Louisiana. TCI Trucking and Import Sterilization whose employees may be key witnesses and who possess documents relevant to the instant case are located in New Orleans, Louisiana.

McGee does not respond to United Arab's argument that key witnesses in the instant case are located in Louisiana. Instead, McGee curiously argues that "not all witnesses [in the instant case] are located in Georgia." Opposition Brief at 3. McGee conclusorily argues "plaintiff itself is located in the States of New York and New Jersey, and is an essential witness is (sic) assessing the loss." *Id.* McGee, however, does not name any potential witnesses located in either New York or New Jersey and does not provide any support for its assertion. McGee, moreover, is subrogated to the rights of Pennington Seed, a company located in Georgia. McGee does not explain the manner in which "it" is an essential witness.

The weighing of the private interests in this matter demonstrates transfer is favored. The acts or omissions giving rise to the claim appear to have occurred outside the state of New Jersey and, largely, in Louisiana. Also, the majority of the relevant parties and witnesses appear to reside outside the state of New Jersey and in the Louisiana area.

Although McGee states the documents it will rely on are located in New York and New Jersey, it has not identified the quantity or quality of that evidence. The majority of the relevant fact witnesses reside in Louisiana or Georgia. New Jersey appears to have no connection with the operative facts of this litigation.

While McGee does not bear the burden of persuasion in this Motion for Transfer, it has failed to persuasively contest the Eastern District of Louisiana as the more convenient and appropriate forum. United Arab has carried the burden in demonstrating the balance of private interests favors transfer of this action to the District of Connecticut. Given the balance presented, this is not a case where transfer would merely switch the inconveniences from United Arab to McGee. Transfer to the Eastern District of Louisiana, the forum with the most significant nexus, will enhance the convenience of the majority of the witnesses and parties. TCI Trucking, moreover, is apparently subject to jurisdiction in Louisiana, but has no contacts with New Jersey. Accordingly, transfer will benefit McGee in that it will presumably be able to obtain jurisdiction over TCI Trucking in the Eastern District of Louisiana.

In light of these reasons and the other considerations discussed above, United Arab has met its burden of proof demonstrating transfer is appropriate due to the nexus of operative facts to the Eastern District of Louisiana and because that forum is more convenient for the witnesses and parties.

### 5. *Public Interest*

 The public interest factors relevant to a determination of the propriety of transfer include

the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home;" the interest in having a trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems and conflicts of laws or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Lony I,* 886 F.2d at 640 (quoting *Piper,* 454 U.S. at 241 n. 6, 102 S.Ct. 252). Evaluation of the public interest factors include consid-

eration of "the locus of the alleged culpable conduct ... and the connection of the conduct to plaintiff's chosen forum." *Lacey I,* 862 F.2d at 48 (quoting *Van Cauwenberghe,* 486 U.S. at 529, 108 S.Ct. 1945); *see also Lony II,* 935 F.2d at 612. It appears that Louisiana has a greater interest in this litigation than New Jersey.

### a. *Local Interests*

Louisiana, the location where at least some of the alleged acts occurred, would have a strong public interest in adjudicating this dispute. *Lacey I,* 862 F.2d at 48; *Honeywell,* 817 F.Supp. at 486; *Mediterranean Golf,* 783 F.Supp. at 849–50. It does not appear that any conduct significant to the litigation occurred in New Jersey.

### b. *Burden of Jury Duty*

The burden of jury duty "ought not to be imposed upon the people of a community which has no relation to the litigation." *Ferens v. John Deere Co.,* 494 U.S. 516, 529–30, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) (citing *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839); *Klauder & Nunno Enterprises, Inc. v. Hereford Assoc., Inc.,* 723 F.Supp. 336, 351 (E.D.Pa.1989). New Jersey jurors should not be burdened with adjudicating a matter concerning conduct which occurred outside the state of New Jersey. *See Pain,* 637 F.2d at 792 (jury duty should not be imposed, nor local dockets clogged by, cases with little relation to jurisdiction). Accordingly, this factor, as well, weighs in favor of transfer to the Eastern District of Louisiana.

### 6. *Interests of Justice*

██ Another significant criteria in determining the advisability of transfer is whether transfer would promote the interests of justice. *Jumara,* 55 F.3d at 878–880; *Honeywell,* 817 F.Supp. at 487; *Pall,* 523 F.Supp. at 453. As discussed above, given the location of a number of relevant witnesses in Louisiana, the amenability of TCI Trucking to suit in Louisiana and the lack of a nexus between the allegations and New Jersey, the enhanced convenience offered by trial in the Eastern District of Louisiana overcomes the deference given to McGee's choice of New Jersey as the forum for litigation in this matter.

### Conclusion

For the foregoing reasons, the Motion to Transfer this action to the United States District Court for the Eastern District of Louisiana is granted.