Mary DINTERMAN

v.

NATIONWIDE MUTUAL INSURANCE COMPANY.

Civil Action No. 98–1802.

United States District Court,
E.D. Pennsylvania.

Nov. 5, 1998.

Joseph F. Roda, Roda and Nast, P.C., Lancaster, PA, for Plaintiff.

R. Bruce Morrison, Samuel E. Cohen, Marshall, Dennehy, Warner, Coleman & Goggin, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Pursuant to 28 U.S.C. § 1404(a), Defendant, Nationwide Mutual Insurance Company moves to transfer this action to the United States District Court for the Western District of Pennsylvania. After careful consideration of the pleadings and submissions of the parties and for the reasons set forth below, Defendant's motion shall be granted.

### Factual Background

In April, 1998, Plaintiff brought this suit against Nationwide, her automobile insurance carrier, for bad faith under 42 Pa.C.S. § 8371, fraud and for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, *et. seq.* Ms. Dinterman's claims arise out of an automobile accident which occurred on February 7, 1991 in Cranberry Township, Butler County, Pennsylvania when the car she was driving was struck by a vehicle operated by one Kevin Green, who failed to stop for a stop sign at the intersection of Powell and Rochester Roads. At the time of the accident, Mr. Green was intoxicated and was insured for liability up to $100,000 by Erie Insurance Exchange. Ms. Dinterman suffered severe injuries to her lower back and neck in the accident and was eventually found to be totally disabled from working entitling her to social security disability benefits from the date of the accident through September 9, 1992 and from July, 1995 through the present.

In November, 1993, Erie Insurance tendered its $100,000 policy limits to Plaintiff. At that time, her attorney advised Nation-wide of Plaintiff's intention to pursue a claim under her own auto policy for underinsured motorist benefits and requested that Nation-wide consent to plaintiff's acceptance of the Erie offer. Although Nationwide consented to plaintiff's acceptance of Erie's policy limits within one month and confirmed that plaintiff had $150,000 in UIM coverage available to her, it did not make any offers of settlement or any efforts to resolve her claim until the arbitration of the case on August 19, 1997. On that date, after rejecting defendant's first two offers, plaintiff agreed to accept $80,000 to settle her UIM claim. She thereafter brought this suit in this court, asserting diversity jurisdiction under 28 U.S.C. § 1332 and proper venue under 28 U.S.C. § 1391 since defendant resides in this district.[1] By this motion, defendant seeks to have this matter transferred to the Western District of Pennsylvania.

### Discussion

Defendant contends that this matter is properly transferred pursuant to 28 U.S.C. § 1404(a). That statute provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under 28 U.S.C. § 1391, which governs venue generally,

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is com-

---

1. Plaintiff avers and Defendant admits that Plaintiff is "... a Pennsylvania citizen, currently residing at 510 Helen Street, Rochester, PA 15074," and that "Defendant ... is an Ohio corporation with its principal place of business in Columbus, Ohio." Defendant further admits that it "... is licensed to transact business in the Commonwealth of Pennsylvania and regularly conducts business in and throughout Pennsylvania." (Pl's Complaint and Def's Answer, at ¶s 4–5).

menced, if there is no district in which the action may otherwise be brought.

. . . . .

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

 Although § 1404 gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir.1970). This is because as a general matter, plaintiff's choice of forum is given great weight in the Section 1404(a) analysis, although on a motion to transfer venue, the plaintiff's choice is not accorded the decisive weight it enjoys under *forum non conveniens*. *Brockman v. Sun Valley Resorts, Inc.*, 923 F.Supp. 1176, 1179 (D.Minn.1996); *National Property Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 327 (D.N.J.1995). *See Also: Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3rd Cir.1995).

 Whereas when venue is attacked, it is the plaintiff who bears the burden of showing proper venue, where a party moves to transfer a case on grounds of inconvenience, it is that party which has the burden of showing the existing forum is inconvenient. *Ervin and Associates, Inc. v. Cisneros*, 939 F.Supp. 793, 796 (D.Colo.1996), *citing, inter alia, Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). Moreover, where the plaintiff chooses a forum which is neither his home nor the situs where any of the operative facts of the underlying action is based, his forum selection is entitled to less weight. *Eagle Traffic Control, Inc. v. James Julian, Inc.*, 933 F.Supp. 1251, 1259 (E.D.Pa.1996); *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F.Supp. 42, 47 (E.D.Pa.1982).

 Thus, because the purpose of allowing § 1404(a) transfers is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," the key considerations for the court to review when deciding a motion to transfer are (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Market Transition Facility of New Jersey v. Twena*, 941 F.Supp. 462, 467 (D.N.J.1996), quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court listed specific factors for the courts to consider when deciding transfer motions. *Id.* These factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of, willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.... The public factors deal with such things as court congestion, burdensome jury duty in a community unrelated to the litigation, the interest of having a local dispute decided in that locality, and the preference of having a state-law governed case decided in the forum familiar with that law.

*Gulf Oil*, 330 U.S. at 508–509, 67 S.Ct. at 843. *See Also: DiMark Marketing, Inc. v. L.A. Health Service & Indemnity Co.*, 913 F.Supp. 402, 409 (E.D.Pa.1996). A court should not grant a transfer simply because the transferee court is more convenient for

the defendants and therefore if the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed. *Market Transition Facility of New Jersey v. Twena,* 941 F.Supp. at 467; *Kimball v. Schwartz,* 580 F.Supp. 582, 588 (W.D.Pa.1984).

In this case, the defendant contends and plaintiff agrees that the plaintiff resides in and the underlying accident occurred in the Western District of Pennsylvania. Plaintiff likewise does not dispute that Nationwide's primary claim representative/file handler with respect to plaintiff's UIM claim and at least four and possibly more witnesses to the defendant's handling of plaintiff's UIM claim are also located in the Western District.

It is further clear that the subpoena power of this Court does not extend far enough to reach these potential witnesses given that they are located further than 100 miles from the Eastern District of Pennsylvania. *See:* Fed.R.Civ.P. 45(b)(2). Indeed, although both parties' counsel are located here and Nationwide regularly does business here, it appears as though these are the only contacts which this action has with this district. We therefore can reach no other conclusion but that the U.S. District Court for the Western District is a far more convenient and appropriate forum in which to litigate this matter than is this Court.

For all of these reasons, the motion to transfer this case to the Western District shall be granted via the attached order.

### ORDER

AND NOW, this 5th day of November, 1998, upon consideration of Defendant's Motion to Transfer Venue and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED for the reasons set forth in the preceding Memorandum and the Clerk of Court is DIRECTED to forthwith transfer this case to the United States District Court for the Western District of Pennsylvania.